IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FIRST COMMERCE LEASING CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 00-JEO-3601-S ) |
| AMERICAN FAMILY DENTAL, P.C., and DR. EDWARD HOCHHAUSER, III, | ) ) ) |
| Defendants. | ) |

**ENTERED**
**OCT 17 2001**

## MEMORANDUM OPINION

This matter is before the court on the motion for default judgment and the amended motion for default judgment filed by First Commerce Leasing Corporation ("FCLC" or "the plaintiff") in the above-captioned diversity action to recover damages from American Family Dental, P.C., ("American Family") and Dr. Edward Hochhauser, III, (collectively "the defendants") under lease and guaranty agreements. (Doc. 13 & 21).[1] On May 1, 2001, FCLC filed its first motion seeking entry of a default judgment against defendant American Family Dental, P.C. (Doc. 13). The magistrate judge assigned this matter requested that FCLC provide additional evidence in support of the motion. The plaintiff provided the requested information and the Clerk of the Court was directed to enter a default against defendant American Family. (Doc. 19). That default was entered on June 19, 2001. (Doc. 20). The default provides:

> It is ADJUDGED that the defendant, American Family Dental, P.C., is in default and that the plaintiff, First Commerce Leasing Corporation, have and recover of the defendant such sum as the plaintiff shall prove to the Court, together with costs.

---

[1] References herein to "Doc __" are to the docket numbers assigned by the Clerk of the Court to the pleadings filed in this matter.

(Doc. 20).

Premised on the default, FCLC filed a "Renewed Motion for Default Judgment." (Doc. 21). In the motion, FCLC requests that the court enter a judgment against American Family and in favor of it. The magistrate judge found that FCLC entered into two equipment leases with the defendants. The defendants then defaulted on the leases and as a result thereof, the plaintiff is due the following:

|  | Lease # 99010156 | Lease # 99010201 |
|---|---|---|
| Remaining Lease Installments | $ 35,576.00 | $ 164,208.70 |
| Purchase Option | 8,653.10 | 19,285.11 |
| Lien Satisfaction Fee | 89.50 | 89.50 |
| Sales Tax | 3,545.49 | 14,686.66 |
| Equipment Removal Reimbursement | 600.00 | 600.00 |
| Outstanding Late Fees | 1,773.61 | 5,007.75 |
| **Payoff Totals:** | **$ 50,237.60** | **$ 203,877.72** |

(Doc. 22, p. 2). The total amount due is $254,115.32, exclusive of attorneys' fees and expenses of collection. Premised on the leases, which contain attorneys' fees provisions, and the affidavit of Charles A. Burkhart, one of the counsel for the plaintiff, the magistrate judge found that FCLC incurred reasonable attorneys' fees in the amount of $3,233.50. (*Id.* at 2). The magistrate judge further found that FCLC also incurred $335.11 in expenses associated with this action. (*Id.* at 2). Accordingly, the total owed is $257,683.93.

The court has considered the entire file in this action together with the Magistrate Judge's Report and Recommendation and has reached an independent conclusion that the Magistrate Judge's Report and Recommendation is due to be adopted and approved. The court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. In accord with the recommendation, the renewed motion for a default

judgment (doc. 21) is due to be granted and the initial motion for default judgment (doc. 13) is moot. The court further finds that FCLC is due to be awarded (1) a monetary judgment against American Family for damages in the amount of $254,115.32; (2) attorneys' fees in the amount of $3,233.50; and (3) expenses of $335.11. The total amount to be awarded is $257,683.93.

The Court has also been advised that defendant Dr. Edward Hochhauser, III, has filed a petition for bankruptcy in the United States Bankruptcy Court. The filing of the petition operates as a stay of these proceedings pursuant to 11 U.S.C. § 362. Accordingly, the action against Hochhauser is due to be dismissed without prejudice to the right of plaintiff to petition to reinstate this action to pursue any claim embraced herein not adjudicated in, or discharged by, the proceedings in the Bankruptcy Court. Such reinstatement, when allowed, will cause the filing date of any claim so reinstated to relate back to the original filing date of this action.

An appropriate order will be entered.

**DONE**, this 16th day of October, 2001.

_____
UNITED STATES DISTRICT JUDGE